Totten, J.,
delivered the opinion of the court.
The prisoner, Martin Adams, was convicted in the circuit court of Hardin, under the act of 1835, chap. 65, of the offence of harboring a runaway slave. He appealed to this court, and at the last term, the judgment of the circuit court was *467 reversed, and the prisoner remanded to Hardin for a new trial. At the July term, 1851, of the circuit court of Hardin, the prisoner was again put upon his trial, without objection, and it appearing that a jury could not be had, the venue was changed, on defendant’s motion, to the county of McNairy. At the March term, 1852, of the circuit court of McNairy, the prisoner was again convicted of said offence, and has again appealed in error to this court.
It is now objected, that it does not appear in the record of the Hardin court, how the case came back into that court after the prisoner’s appeal.
But to this we answer, that the procedendo from the supreme court, consisting of a copy of its judgment and orders thereon, remanding the prisoner to the circuit court for a new trial, was a warrant and authority to that court to proceed to a trial de novo ; and there can be no reason or necessity for copying the procedendo, on the record of the inferior court, as it is not an original record of that court. It is sufficient that it be present and on file, under the seal of the superior court; for it is merely proof, if objection be made, that the cause and the prisoner have been legally remanded to the inferior court.
In the next place, it is objected, that the procedendo from this court remanding the cause to Hardin, wasnotincorporatedin-to the record then made out on a change of venue, for Mc-Nairy, but that the Original was sent with the transcript, and formed in legal effect no part of it.
To this we answer, that the procedendo was sent to the circuit court of Hardin, and not to that of McNairy. It authorized the circuit court of Hardin to proceed to a trial de novo; and its effect was to place the cause back precisely where it was before the former trial; the verdict and judgment at the former tidal, having been reversed and annulled by the action of the supreme court. The procedendo had, therefore, fully performed its office, when the prisoner was again, without ob *468 jection, put upon his trial in the circuit court oí Hardin. If an impartial jury could have been obtained, the trial would have been had in Hardin; but failing in that, the venue was changed in conformity to the statute, to the county of Mc-Nairy. The record of the former conviction, its reversal in the supreme court, and the procedendo remanding the cause to the circuit court of Hardin, are now out of the case, and the prisoner was entitled to a new trial, according to law, without reference to the former conviction. It was the order changing the venue, that conferred jurisdiction upon the circuit court of McNairy, and authorized it to proceed in the trial. It was no error, therefore, that the procedendo was not incorporated into the transcript, sent to McNairy.
We may further observe, that the directions of the statute ordering the transcript to be entered upon the records of the circuit court of the county to which the venue may be changed, was sufficiently complied with in the present case. It was so entered in the progress of procuring a jury, no objection having before been made.
We entirely concur in the verdict upon the facts, and consider that it was well warranted by the proof.
The judgment of the circuit court will be affirmed.